IN THE UNITED STATES DISTRICT COURT
<u>FOR THE DISTRICT OF MARYLAND</u>
Southern Division

| | |
|---|---|
| **VICKY RICKS,** | * |
| Plaintiff, | * |
| v. | * Case No.: GJH-21-1758 |
| **LIBERTY MUTUAL INSURANCE CO.,** | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

<u>**MEMORANDUM OPINION**</u>

In this consolidated action, Plaintiff Vicky Ricks brings breach of contract and consumer protection claims against Defendant Liberty Mutual Insurance Company. *See* ECF Nos. 1, 3, 8. Now pending before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6). ECF No. 12. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, the Court will grant the Motion to Dismiss.[1]

**I.     BACKGROUND**[2]

Plaintiff Ricks is the primary policyholder of an automobile insurance policy with Defendant Liberty Mutual. *See* ECF No. 1 at 3. A no-fault accident occurred on September 11, 2020, and a person insured under Plaintiff's policy ("first-party claimant") was injured. *See id.*; ECF No. 3 at 5; ECF No. 8 at 5. Plaintiff submitted an electronic claim for a personal injury

---

[1] Additionally pending is Plaintiff's Motion for Sanctions, Default Judgment, and Summary Judgment, ECF No. 6, Motion for Restraining Order, ECF No. 7, Motion for Default Judgment, ECF No. 14, Motion for Summary Judgment, ECF No. 15, and Motion to Enforce Judgment for a Specific Act, ECF No. 16. These motions are all denied as moot and because they fail on their merits.

[2] All facts herein are taken from Plaintiff's Complaints, ECF Nos. 1, 3, 8, and presumed true.

1

protection coverage payment ("PIP coverage") to Defendant Liberty Mutual on September 25, 2020. ECF No. 1 at 3. Defendant did not pay the PIP benefits to Plaintiff. *Id.*

On September 21, 2021, Plaintiff filed three separate *pro se* actions based on the denial of PIP benefits. ECF Nos. 1, 3, 8. Plaintiff alleges breach of contract, violations of the Federal Trade Commission Act, violations of the Maryland Consumer Protection Act, violations of Maryland insurance law, and tortious conduct. *See* ECF Nos. 1, 3, 8.[3] On November 8, because the three actions involve the same facts and parties, the Court consolidated the three cases under this lead case. ECF No. 2 at 1. The Court also granted Plaintiff *in forma pauperis* status and instructed Plaintiff to return completed summons forms so that the U.S. Marshals could serve Defendant. *Id.* at 3. Plaintiff then filed the Motion for Sanctions, Default Judgment, and Summary Judgment on that same day, ECF No. 6, as well as the Motion for Restraining Order, ECF No. 7. Defendant was served on November 29, 2021. *See* ECF No. 11.

Defendant filed the Motion to Dismiss on December 21, 2021. ECF No. 12.[4] In response, Plaintiff filed the pending Motion for Default Judgment, ECF No. 14, Motion for Summary Judgment or Partial Summary Judgment, ECF No. 15, and Motion to Enforce a Judgment for a Specific Act, ECF No. 16.

**II.     STANDARD OF REVIEW**

"It is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir.

---

[3] The actions are GJH-21-1758, GJH-21-2159, and GJH-21-2304.

[4] Defendant's Motion to Dismiss was one day late. *See* ECF No. 12 at 1. Defendant explained that it was mistakenly informed that its agent was served on November 30, not November 29. *Id.* at 2. Defendant has shown good cause for its delay, a delay of merely one day does not prejudice Plaintiff, and the Motion to Dismiss is dispositive of this case. *See* Fed. R. Civ. P. 6(b). Therefore, the Court grants leave to file the Motion to Dismiss. *See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (expressing a strong preference that "defaults be avoided and that claims and defenses be disposed of on their merits.")

2006) (citation omitted). Once a challenge is made to subject-matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of proving that the Court has subject-matter jurisdiction. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted); *see also Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010). The court should grant a 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647 (citation omitted). In a 12(b)(1) motion, the court may consider evidence outside the pleadings to help determine whether it has jurisdiction over the case before it without converting the motion to one for summary judgment, *see id.*, but the court "must presume that the factual allegations in the complaint are true[,]" *Cash v. United States*, No. 12-cv-0563-WDQ, 2012 WL 6201123, at *3 (D. Md. Dec. 11, 2012) (citing *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004)).

Liberal construction of the pleadings is appropriate where, as here, a party is self-represented. *See Spencer v. Earley*, 278 Fed. App'x 254, 259–60 (4th Cir. 2008) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)) ("[d]ismissal of a pro se complaint . . . for failure to state a valid claim is [ ] only appropriate when, after applying this liberal construction, it appears '*beyond doubt* that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'") (emphasis in original)). "[T]he mandated liberal construction afforded to pro se pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so[.]'" *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). However, "judges are not also required to construct a party's legal arguments for him." *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).

## III. DISCUSSION

### A. Motion to Dismiss

Defendant argues that Plaintiff can establish neither diversity nor federal question jurisdiction and that the Court therefore lacks subject-matter jurisdiction. ECF No. 12-4 at 2.

District courts have diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a). "Courts generally determine the amount in controversy by reference to the plaintiff's complaint." *Johnson v. Xerox Educ. Sols. LLC*, No. 14-cv-15422-GJH, 2014 WL 5361302, at *3 (D. Md. Oct. 20, 2014) (citing *Wiggins v. North Amer. Equitable Life Assur. Co.*, 644 F.2d 1014, 1016–17 (4th Cir. 1981) ("Ordinarily the jurisdictional amount is determined by the amount of the plaintiffs original claim, provided that the claim is made in good faith.")). Defendant concedes that the parties are citizens of different states. ECF No. 12-4 at 2. However, Defendant argues that Plaintiff has not shown an amount-in-controversy that exceeds $75,000. *Id.*

Generally, in evaluating the amount-in-controversy requirement, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *FLF, Inc. v. World Publications, Inc.*, 999 F. Supp. 640, 642 (D. Md. 1998) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–289, 58 S.Ct. 586, 82 L.Ed. 845 (1938)). "[A] plaintiff's smaller claims can be aggregated to reach the $75,000 required for federal diversity jurisdiction . . . By contrast, claims that are simply pleading alternative legal theories to recover for one harm cannot be aggregated to reach the amount in controversy threshold." *Johnson*, 2014 WL 5361302, at *4 (citing *Shanaghan v. Cahill*, 58 F.3d 106, 109 (4th Cir. 1995); *Delph v. Allstate Home Mortg, Inc.*, 478 F. Supp. 2d 852, 854–55 (D. Md. 2007); *Institute National De Comercializacion*

*Agricola (Indeca) v. Continental Ill. Nat'l Bank & Trust Co. of Chi.*, 576 F. Supp. 991, 1004 (N.D. Ill. 1983)). Finally, a court will not consider damages for claims for which it is a "legal certainty" that the plaintiff cannot recover. *See, e.g.*, *Biktasheva v. Red Square Sports, Inc.*, 366 F. Supp. 2d 289, 295 (D. Md. 2005) (citing *Wiggins v. N. Am. Equitable Life Assur. Co.*, 644 F.2d 1014, 1017 (4th Cir. 1981)); *see also JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 640 (4th Cir. 2010) (a court should not dismiss a claim for insufficient amount-in-controversy if the "calculations employ reasoning that is at least facially plausible[.]").

Plaintiff lists varying amounts as claimed damages throughout the Complaints. In the first Complaint, asserting a breach of the insurance agreement, Plaintiff seeks damages of the policy premium reimbursement (treble reimbursement of $1,840 per month) and the PIP coverage payments she says were wrongfully denied ($245 a month, plus 1.5% interest). *See* ECF No. 1 at 3. "To prevail in an action for breach of an insurance policy, a plaintiff must prove that the defendant had a contractual duty to provide coverage for the plaintiff's damages and that the defendant breached that duty." *316 Charles, LLC v. Liberty Mut. Ins. Co.*, No. 21-cv-787-DKC, 2022 WL 228010, at *6 (D. Md. Jan. 26, 2022) (citing *Taylor v. NationsBank N.A.*, 365 Md. 166, 175 (2001)). While Plaintiff has stated a facially plausible cause of action in this Complaint, in total, these damages fall far short of the amount-in-controversy requirement. *See* ECF No. 12-4 at 3 (calculating the damages at totaling around $7,206, which Plaintiff does not dispute).

In the second Complaint, Plaintiff requests "punitive damages" for Defendant's "unfair or deceptive business practices[.]" ECF No. 3 at 6. Plaintiff also requests damages of "administrative penalties" for Defendant's alleged violation of the Maryland Consumer Protection Act. *Id.* Plaintiff also requests that the Court enjoin Defendant from cancelling her insurance policy or giving adverse reports to the Maryland Vehicle Association. *Id.*

In Maryland, the proper cause of action for claims of this nature is breach of contract, *Hartz v. Liberty Mut. Ins. Co.*, 269 F.3d 474, 476 (4th Cir. 2001), but "[p]unitive damages are not available in a pure action for breach of contract, even if the breach is malicious[,]" *Munday v. Waste Mgmt. of N. Am., Inc.*, 997 F. Supp. 681, 685 (D. Md. 1998) (citing *St. Paul at Chase Corp. v. Manufacturers Life Ins. Co.*, 262 Md. 192, 236, 278 A.2d 12 (1971)). Additionally, insurance companies are exempt from the Maryland Consumer Protection Act, Md. Code Ann., Com. Law § 13-104, so Plaintiff's claim for violation of Maryland consumer protection law is not viable. Finally, while a court may use the value of an injunction when calculating an amount-in-controversy, Plaintiff has placed no value on the requested injunction. *See JTH Tax, Inc*, 624 F.3d at 639 (plaintiffs may meet the amount-in-controversy if they make a "good faith" estimate of an injunction's value that "arguably yields a figure that exceeds the necessary jurisdictional amount."). Thus, the second Complaint also fails to state an adequate amount-in-controversy. *See, e.g.*, *FLF, Inc.*, 999 F. Supp. at 643 (reasoning that "the Court need not close its eyes to legal theories that are plainly without merit" when calculating amount-in-controversy).[5]

In the third Complaint, Plaintiff states that her claim is for breach of contract, tortious conduct, and violation of consumer protection law. *See* ECF No. 8 at 5. Plaintiff claims $119,286.49 in damages for "bodily injury," "damaged property," out-of-pocket medical

---

[5] Plaintiff also asserts violations of Maryland insurance law but is not specific about these claims. *See* ECF No. 3 at 5, 8–12. Maryland recognizes a claim of "lack of good faith" against an insurance company if "an insured alleges that an insurer did not act in good faith when it handled her insurance claim." *Barry v. Nationwide Mut. Ins. Co.*, 298 F. Supp. 3d 826, 829 (D. Md. 2018) (citing Md. Code Ann. Cts. & Jud. Proc. § 3–1701(b)). "In order to bring such a claim in court, the insured must first exhaust her administrative remedies by bringing the claim against the insurer before the [Maryland Insurance Administration]." *Id.* (citing Md. Code Ann., Ins. § 27-1001). Plaintiff makes no allegations that she has gone through the administrative process. Plaintiff's claim also does not fall into one of the exceptions to this rule. *See* Md. Code Ann., Ins. § 27-1001(c). Even had Plaintiff adequately alleged these claims, they are not viable, and thus cannot be used to calculate an amount-in-controversy.

expenses, PIP benefits, and reimbursements for payments made by the first-party claimant's health care insurer. *See id.* at 3, 6, 10.

In a breach of an insurance contract claim, a plaintiff may not collect "damages beyond the confines of the insurance agreement." *Hartz*, 269 F.3d at 476; *see also Bierman Fam. Farm, LLC v. United Farm Fam. Ins. Co.*, 265 F. Supp. 3d 633, 638 (D. Md. 2017) (a plaintiff may not "seek[] damages in excess of the full benefits Plaintiffs would have been entitled to under the insurance policy contract."). Instead, "the non-breaching party is entitled to compensatory damages which are the natural and proximate consequence of the breach, or which are reasonably within the parties' contemplation at the time of contracting." *Munday*, 997 F. Supp. at 685 (citing *Stone v. Chicago Title Ins. Co.*, 330 Md. 329, 342, 624 A.2d 496 (1993)). "The measure of such damages is the sum which would place the injured party in the same position as if the contract had been performed." *Id.* Plaintiff argues that Defendant is liable for these damages because of its alleged failure to pay the PIP benefits within 30 days of the accident. *See* ECF No. 8 at 5. Plaintiff does not explain how a breach of an agreement to pay PIP benefits would also entitle her to damages of medical expenses, property damage, or bodily injury, or how these damages would be a "natural and proximate consequence" of Defendant's failure to pay PIP benefits.

Plaintiff also generally alleges tortious conduct, but Plaintiff has failed to allege a viable tort claim. *See Hartz*, 269 F.3d at 476 ("[A] breach of contract does not typically give rise to an action in tort . . . No amount of artful pleading . . . can disguise what [plaintiff] is seeking—extra-contractual damages for additional medical expenses, business losses, and emotional distress. These damages do not arise naturally from her homeowner's insurance policy.").

Finally, as discussed, any violations of Maryland consumer protection law are also not viable. Therefore, Plaintiff also fails to state an adequate amount-in-controversy in the third Complaint.

Overall, Plaintiff cannot meet the amount-in-controversy threshold in any of the Complaints individually, nor, even assuming she is alleging separate claims, can she can meet it in combination. Thus, there is no diversity jurisdiction here. *See Shanaghan v. Cahill*, 58 F.3d 106, 112 (4th Cir. 1995) ("[I]f plaintiff has alleged only a small amount of damages or it is otherwise obvious that the jurisdictional amount under § 1332(a) cannot be satisfied, the court must dismiss the case outright for lack of jurisdiction.") (citing *Wiggins v. North American Equitable Life Assurance Co.*, 644 F.2d 1014, 1016–18 (4th Cir. 1981)).

Plaintiff also claims that there is federal question jurisdiction. ECF No. 3 at 3. The Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff's one federal claim is under the Federal Trade Commission Act, 15 U.S.C. § 45. *See* ECF No. 3 at 3. However, this statute "does not explicitly provide for a private right of action." *J.R. v. Walgreens Boots All., Inc.*, 2021 WL 4859603, at *8 (4th Cir. Oct. 19, 2021). "And the Act's authorization of the Federal Trade Commission to enforce its provisions indicates Congress's intent against creating an implied right of action." *Id.* (collecting cases); *see also Wade v. Truist Bank*, No. 22-cv-287-PX, 2022 WL 1470472, at *1 (D. Md. May 10, 2022) (dismissing a private Section 45 claim because "while this provision prohibits certain unfair commercial practices, it confers authority solely to the Federal Trade Commission to pursue such violations."). Plaintiff cannot bring a private claim under the FTC Act. Plaintiff has not established federal question jurisdiction.[6]

---

[6] Additionally, as discussed, Plaintiff only has adequately alleged one viable claim for relief: breach of contract. Even if this Court were to find subject-matter jurisdiction, it would dismiss all claims, except the breach of contract claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Because Plaintiff has not shown that this Court has either diversity or federal question jurisdiction, the action must be dismissed. However, the Court will grant the dismissal without prejudice, and Plaintiff may file an amended complaint within 21 days in the event she is able to cure these defects.

### B. Other Motions

While the Court could dispose of this action purely on jurisdictional grounds, the other Motions fail on their merits. Before Defendant was served, Plaintiff filed a Motion for Sanctions, Default Judgment, and Summary Judgment, ECF No. 6, and a Motion for Restraining Order, ECF No. 7. It is difficult to ascertain what relief Plaintiff is attempting to claim in these Motions.

Plaintiff also moved for another Motion for Default Judgment. ECF No. 14. Default judgment is authorized by Federal Rule of Civil Procedure 55(b). Default judgment is "appropriate when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980) (internal quotations and citations omitted)). "The Fourth Circuit has a 'strong policy' that 'cases be decided on their merits[.]'" *Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D. Md. 2012) (quoting *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002) (*citing United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993))). Default judgment would not be appropriate here when Defendant was merely one day late in filing the Motion to Dismiss.[7]

Plaintiff also moved for summary judgment. ECF No. 15. Plaintiff's summary judgment motion is two pages and just asserts that Plaintiff "believe[s] that there is no genuine dispute as to any material fact." *Id.* at 2. Plaintiff provides no evidence or support for this proposition.

---

[7] Plaintiff also did not move for a clerk's entry of default. *See* Fed. R. Civ. P. 55(a).

Finally, Plaintiff also moved to Enforce Judgment for a Specific Act pursuant to Federal Rule of Civil Procedure 70. ECF No. 16. Rule 70 concerns judgments requiring a party to convey land or deeds. *See* Fed. R. Civ. P. 70 ("If a judgment requires a party to convey land . . . and the party fails to comply within the time specified, the court may order the act to be done . . . by another person appointed by the court."). It is unclear what relief Plaintiff is attempting to request by this motion and how it is related to Plaintiff's action.

### IV.    CONCLUSION

For the reasons discussed, the Motion to Dismiss is granted, and the other motions are denied as moot. Plaintiff is granted 21 days to file an amended complaint. A separate Order follows.

Dated:  May   31, 2022                                            /s/_____
                                                                                GEORGE J. HAZEL
                                                                                United States District Judge